# Morgan Lewis

**Melissa C. Rodriguez**
Partner
+1.212.309.6394
melissa.rodriguez@morganlewis.com

> Defendant's request to bifurcate discovery is denied. Its request to file a motion for summary judgment prior to the Court's consideration of the motion for conditional certification is also denied. The Court adopts Plaintiffs' proposed case management plan. SO ORDERED.

September 29, 2017

**VIA ECF**
The Honorable Alison J. Nathan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

SO ORDERED: 10/11/17



HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Re:   Julian et al. v. Metropolitan Life Insurance Co., No. 17-cv-00957 (AJN)

Dear Judge Nathan:

Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") and the Plaintiffs submit this joint status report, in accordance with Your Honor's June 5, 2017 Order (Dkt. No. 29). The parties also enclose a Proposed Civil Case Management Plan and Scheduling Order ("Proposed Case Management Plan"), setting forth their respective proposals.

As Your Honor may recall, Plaintiffs Debra Julian and Stephanie McKinney ("Named Plaintiffs") filed this lawsuit, on behalf of themselves and others similarly situated, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Connecticut Minimum Wage Act ("CMWA"). Plaintiffs claim that they and other MetLife Long Term Disability ("LTD") Claim Specialists regularly worked over 40 hours per week, were misclassified by MetLife as exempt from any overtime requirements, and, as a result, were not paid appropriate overtime wages. MetLife denies Plaintiffs' claims, and maintains that Plaintiffs were properly classified and treated as exempt under the administrative exemption of the FLSA, the NYLL and the CMWA.

Pursuant to the June 5, 2017 Order (Dkt. No. 29), the parties have engaged in discovery. In addition to exchanging their respective Fed. R. Civ. P. 26(a) Initial Disclosures, the parties have exchanged document requests and interrogatories, as well as responses thereto. In addition, the parties have exchanged over 10,000 pages of documents. The parties are currently in the process of meeting and conferring concerning certain additional discovery, including with respect to electronically stored information ("ESI"). In addition, Defendant deposed the Named Plaintiffs, as well as Opt-in Plaintiff Tonya Gill. Plaintiffs have noticed a Fed. R. Civ. P. 30(b)(6) deposition(s), and the parties are currently conferring over the appropriate scope and scheduling of the deposition(s).

Pursuant to Court-ordered schedule (Dkt. Nos. 32, 45), on August 1, 2017, Plaintiffs moved for conditional certification (Dkt. Nos. 34-41), and Defendant filed its opposition to Plaintiffs' conditional certification motion on September 8, 2017. See Dkt. Nos. 48-50. Plaintiffs

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 2 2017

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060          ☎ +1.212.309.6000
United States                    ✉ +1.212.309.6001

The Honorable Alison J. Nathan
Page 2

intend to file their reply thereto on October 3, 2017, per the Court-ordered schedule.

Prior to the filing of the original proposed civil case management plan, counsel for the parties discussed the possible use of private mediation in the future. Due to significant disagreements regarding the scope and merits of the case, the parties agreed at that time that settlement discussions were premature at this stage of the proceedings. Defendant's counsel has invited Plaintiffs' counsel to make individual settlement demands. Plaintiffs' counsel have indicated that while Plaintiffs are not interested in resolving the matter on an individual basis, they are interested in discussing the possibility of a class-wide settlement. The parties are exploring what information they may need in order for Plaintiffs to make a class settlement demand (*e.g.,* number of putative class members, dates of employment, range of salaries, ESI relevant to time worked).

If the parties are unable to make progress in settlement discussions, the parties propose different positions regarding case management, as set forth in the Proposed Case Management Plan submitted herewith:

Defendant's position: Defendant proposes to bifurcate discovery and motion practice in this matter. Specifically, following Fed. R. Civ. P. 30(b)(6) depositions, Defendant proposes to file for summary judgment on the individual claims of one or both of the Named Plaintiffs and Opt-in Plaintiff Gill. As noted in the Proposed Civil Case Management Plan submitted herewith, this proposal, which Defendant's believe will greatly streamline the litigation and conserve both the parties' and the Court's resources, has been used effectively by many courts (including in this Circuit) with much success in misclassification cases. Therefore, Defendant respectfully requests that the Court hold Plaintiffs' conditional certification motion, as well as all other discovery, including discovery related to Rule 23 class certification, in abeyance pending a decision on its anticipated summary judgment motion. Indeed, if the Court determines that Plaintiffs were exempt under federal and state law, Plaintiffs' overtime claims will fail, and there would be no basis upon which to certify a class or collective action.

Plaintiffs' position: It is Plaintiffs' position that discovery and motion practice should not be bifurcated, and Plaintiffs' conditional certification motion and class discovery should not be held in abeyance. Defendant's proposal is contrary to Supreme Court and Second Circuit precedent. As Your Honor stated at the Initial Pretrial Conference on May 19, 2017, the standard for conditional certification and the issuance of notice is "quite low," getting the notice out provides the parties and court with "a sense of what the selective size [of the class is], [a]nd that's why no doubt the common practice in this court is to get that moving right away." (Dkt. No. 38-2 (Tr. 7:8-14).) Indeed, prompt notice ensures that potential collective members have an opportunity to decide whether to participate in the case and toll the statute of limitations on their claims. Considering that the conditional certification motion will be fully briefed by October 3, 2017, there is no justification for further delay. Further, while the parties dispute whether LTD Claim Specialists are exempt under the overtime laws, courts have consistently recognized that a merits determination should be reserved until after collective/class certification. Accordingly, Plaintiffs propose that once the Court issues a decision on conditional certification, the Parties should jointly submit a proposed discovery plan concerning post-collective fact and expert discovery, including, as appropriate, discovery relating to Rule 23 class certification.

Thank you for your consideration.

Respectfully submitted,

*/s/ Melissa C. Rodriguez*

Melissa C. Rodriguez

The Honorable Alison J. Nathan
Page 3

cc:     Michael Palmer, Esq. and Michael R. DiChiara, Esq. (Attorneys for Plaintiff, via ECF)