# Morgan Lewis

**Melissa C. Rodriguez**
Partner
+1.212.309.6394
melissa.rodriguez@morganlewis.com

May 31, 2018

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Julian et al. v. Metropolitan Life Insurance Co., No. 17-cv-00957 (AJN)

Dear Judge Nathan:

Pursuant to the Court's May 24, 2018 Order (ECF No. 74), counsel for the parties have met and conferred in an attempt to resolve their disputes concerning the protection, use and disclosure of the contact information of potential collective action members.  For ease of the Court's consideration, we have approached the issues in two buckets: (1) protection of the confidential information from hacking or other improper disclosure; and (2) permissible uses of the contact information of potential collective action members by Plaintiffs' counsel.  One issue (bucket 1) has been resolved.  Disagreement remains on the second issue (bucket 2).

As to the first issue, after meeting and conferring, Plaintiffs' counsel have confirmed that they have in place, and that they will follow, data protection systems that comply with information security standard ISO 27001 and other security protocols agreed upon by the parties.

As to the second issue, disagreement remains between the parties concerning the permissible uses of the contact information of potential collective action members by Plaintiffs' counsel.  The parties' respective positions on that issue are set forth below.

## Background of Current Dispute

Plaintiffs brought this case on behalf of themselves and allegedly similarly situated individuals who currently or previously worked for Defendant as LTD Claim Specialists. Plaintiffs allege that LTD Claim Specialists were not paid overtime in violation of the Fair Labor Standards Act ("FLSA") and New York and Connecticut wage laws. Defendant

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

**T** +1.212.309.6000
**F** +1.212.309.6001

The Honorable Alison J. Nathan
May 31, 2018
Page 2

responded to the Complaint, asserting that Plaintiffs and all LTD Claim Specialists have properly been classified as exempt employees and, as such, were not entitled to receive any overtime compensation.

On March 22, 2018, the Court certified an FLSA collective action and ordered the Parties to meet and confer and submit any disputes regarding the notice by April 30, 2018.  ECF No. 65. (No Rule 23 class has yet been requested or certified, although Plaintiffs have indicated that they intend to seek Rule 23 certification following relevant discovery.)  On April 30, 2018, the parties filed a joint letter outlining two disputes, one of which concerned whether Plaintiffs' counsel should be provided potential collective members' contact information. ECF No. 66. On May 10, 2018, the Court ruled that "Defendant shall disclose potential collective action members' contact information to both Plaintiffs' counsel and the third-party administrator."  ECF No. 67.

In response to that Order, on May 15, 2018, Defendant raised several issues concerning the protection of the contact information and its use by Plaintiffs' counsel.  ECF No. 69.  Plaintiffs opposed Defendant's requests (ECF No. 72), and Defendant replied. ECF No. 73.  The Court then ordered the parties to meet and confer regarding the issues and to submit this letter.  ECF No. 74.

**<u>Defendant's Position</u>**

The meet and confer process has highlighted that it may be necessary to think differently about the issues of contact with putative plaintiffs depending on whether we are in the 60-day window in which the putative plaintiffs are thinking about whether to join the action or not (the "Notice Period"), and the period after the notice period (the "Post-Notice Period").  In *both* periods Defendant has confirmed that it is not seeking to interfere in any way with the attorney-client privilege Plaintiffs' counsel may come to have with individuals who join this action, or to interfere with any first amendment rights (if any) counsel may have to communicate with any individuals, provided that those communications are permitted by this Court, including as part of the Court-approved notice and class discovery processes.

During the Notice Period, Defendant has also confirmed that it has no issue with Plaintiffs' counsel: (1) assisting in the notice process by using the contact information provided by Defendant to perform skip traces or other online searches to try to find updated contact information for individuals whose notice is returned as undeliverable (although these are tasks typically performed by the third-party claims administrator); (2) communicating with any individuals who submit an opt-in form in response to the notice; or (3) responding to communications from any putative collective action members who contact them with questions or who express interest in opting-in, even before they submit their opt-in notice. (One caveat is that there may be individuals who opt-in, but indicate they wish to be represented by their own counsel.)

The Honorable Alison J. Nathan
May 31, 2018
Page 3

The remaining disputes *during* the Notice Period are thus limited to Defendant's two requests that Plaintiff's counsel: (1) not affirmatively solicit any individuals to join the action during the 60-day opt-in Notice Period; and (2) not seek any class discovery from any individuals (and particularly those who have not yet filed opt-in notices) until the Court determines the parameters of such class discovery. As to the solicitation of individuals to participate in the action, Defendant's position is that the court-approved notice should be the sole means of asking individuals if they wish to join the action. Plaintiffs should not be doing their own separate solicitation and Defendant will not communicate with putative collective action members to discourage participation. The 60 days should remain a "no contact" period (akin to "Laboratory Conditions" in the union election context) as the putative plaintiffs consider what to do about joining or not joining the action (provided that counsel certainly may speak with individuals who contact them). At 5:53 this evening, for the first time, Plaintiffs' counsel stated that they would only use contact information during the Notice Period to contact individuals whose notices came back marked "return to sender." While Defendant believed that meant that Plaintiffs' counsel would not be soliciting individuals to join the action, at 9:51 and again at 10:21 they confirmed (as stated below) that communicating with individuals whose notices come back is only one "example" of what they intend to do. Accordingly, there remains no promise on their part that they will not engage in solicitation.[1]

With respect to Plaintiff's stated intention to seek witnesses and discovery information from individuals (including those who do not opt-in) during the Notice Period, Defendant's position is that no such contact should occur until this Court determines the parameters of such class discovery, including whether sampling will be done and the extent of such sampling. This narrow limit is particularly appropriate as there is no certified class (and Plaintiffs' counsel acknowledge again that they will not even be filing such a motion until much later in the process in this case).

For the Post-Notice period, the only remaining dispute is as to individuals who choose **not** to be part of the collective action. As to those individuals, Defendant seeks only: (1) to have Plaintiffs' counsel refrain from circumventing the Court-approved notice process by continuing to solicit those *non*-plaintiff individuals to join the action; and (2) to have this Court determine the parameters of obtaining discovery from *non*-plaintiffs *before* that process begins. Without such a limit, the Court's ability to supervise the opt-in and discovery processes would be circumvented and eliminated.[2]

---

[1] With respect to any notices that come back "return to sender", the notice administrator should be permitted to do its job, find any updated address, and send a new notice before unsolicited phone calls are made to any such individuals whose original notice comes back.

[2] If Plaintiffs' wanted permission from the Court to seek discovery and information from hundreds of potential class members (including *non*-plaintiffs) they could have asked for that, including by motion. This backhanded effort to accomplish the same thing should not be permitted.

The Honorable Alison J. Nathan
May 31, 2018
Page 4

Plaintiffs' counsel have, to date, not agreed to these simple limits.  During the meet and confer Plaintiffs' counsel refused to limit their use of the contact information in any way, stating that they were not going to "spell out" how they were going to communicate with potential collective action members *(including during the Notice Period)*, nor were they going to "limit [them]selves" with regard to whether and how they will communicate with potential collective action members in the Post-Notice Period.

Accordingly, Defendant must continue to seek an order requiring Plaintiffs' counsel to: (1) use the potential collective action members' contact information only for the purpose of conducting skip traces or other online searches to find an updated address for any putative collective member whose notice is returned as undeliverable or return to sender, so as to facilitate the sending of the court-approved notice in this action through the means set forth in the Court's May 10, 2018 Order (ECF No. 67); (2) refrain from using any of the contact information to solicit participation in the action, to seek class discovery or to communicate in any way with potential collective action members **during** the Notice Period, except in a manner expressly approved by this Court; (3) return and subsequently destroy all copies (electronic or otherwise) of contact information received for any individual who does **not** opt-in to the collective action by the end of the opt-in period, and refrain from contacting any such individuals except as expressly approved by this Court when it crafts the class discovery parameters for *non*-plaintiffs; and (4) keep all personal contact information (including any additional contact and personal information received from any participants) confidential at all times.[3]

These narrow limits are not a "prior restraint" on communications with class members and do not violate any first amendment principle.  Accordingly, in situations like this, numerous courts have imposed the exact limitations on plaintiffs' counsel's use of contact information to initiate solicitations with potential collective members, **at least during the notice/opt-in period,** that Defendant seeks here.  *See Davis v. Social Serv. Coordinators, Inc.*, 2012 WL 5838825 (E. D. Cal. 2012) (holding that plaintiffs' counsel should not be permitted to initiate communications with the potential class during the notice/opt-in period, for purposes of solicitation to join the lawsuit, noting that any communication by plaintiffs' counsel to potential opt-in plaintiffs must be approved by the court so as to prevent undermining the Court-approved notice, potential confusion from conflicting messages and solicitation by plaintiffs' counsel); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (N.D.N.Y.

---

[3] While Plaintiffs' counsel stipulated to follow the noted data protection protocol, Defendant also asks that any order the Court might issue also note that Plaintiffs' counsel are to securely store the potential collective action members' contact information in accordance with ISO 27001, and other security protocols agreed upon by the parties, and limit access to such information only to Plaintiffs' counsel and the administrator facilitating notice in this action.

The Honorable Alison J. Nathan
May 31, 2018
Page 5

2008) (restricting plaintiffs' counsel from sending letters to potential collective action members during notice period, noting that plaintiffs' unapproved and unsupervised communications could create a potential conflict with the court-approved notice); *Taylor v. Pitt. Mercy Health Sys.*, 2009 WL 2762531 (W.D. Pa. Aug. 25, 2009) (requiring plaintiffs' counsel to advise opposing counsel and the court of any future mailings it wanted to provide to potential collective members because the court needed to ensure that notice of the action was consistent and accurate with the court-approved communications); *Camesi v. Univ. of Pitt. Med. Ctr.*, 2009 WL 3719483 (W.D. Pa. Nov. 4, 2009) (same); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775 (C. D. Ill. Sept. 28, 2015) (imposing restrictions on communications by plaintiffs' counsel to potential opt-ins, noting that communications initiated by plaintiffs' counsel must be in a manner approved by the court); *Kwong v. Osaka Japanese Rest. Inc.*, 2014 WL 198493, at *4 (S.D. Tex. Jan. 15, 2014) ("now that the class is conditionally certified, neither the parties nor their counsel may communicate with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communications").

Finally, while Defendant will certainly brief the issue if the Court believes *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) is applicable here, Defendant is not seeking any restraint on the content of any communication the Court permits.  Defendant seeks only to prohibit solicitation beyond the Court-approved notice and to have class discovery proceed only in the manner approved by the Court.  Moreover, there is no class here, and seeking limits on contact with individuals who affirmatively choose NOT to join this action cannot be viewed as a restraint on class members.  Plaintiff tactically chose to move for collective and <u>not</u> class certification, under an extremely relaxed standard for participation. They must, therefore, respect the Rule 216(b) process which permits individuals to choose *not* to join the action, to *not* be represented by them, and to *not* be further contacted or solicited. *Gulf Oil* does not address or even mention this issue of Plaintiffs' chosen path, and the impact of individuals affirmatively choosing not to join this action.

<u>Plaintiffs' Position</u>

It is Plaintiffs' position that no prior restraints should be placed on Plaintiffs' counsel's communication with potential class members. Defendant has not made—and cannot make—the showing required by *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) and the First Amendment of the United States Constitution to justify restricting Plaintiffs' counsel's communications.

During the meet and confer, Defendant asked Plaintiffs how the contact information would be used and whether Plaintiffs' counsel would communicate after the notice period with individuals who did not opt-in. Plaintiffs explained that, as a general matter, the contact information would be used (1) to assist the claims administrator in effectuating notice and (2) to investigate the class and collective claims. Accordingly, Plaintiffs' counsel might communicate with potential collective members during the notice period, including for example, to assist the third-party administrator in contacting potential collective members

The Honorable Alison J. Nathan
May 31, 2018
Page 6

that were difficult to reach. Plaintiffs' counsel further explained that after the notice period, they might contact LTD Claim Specialists since they are potential witnesses with information relevant to Plaintiffs' claims and the propriety of class certification, regardless of whether they had opted into the FLSA collective action. **Plaintiffs' counsel stressed that they had no intention of undermining the Court-approved notice process.**

Defendant demanded an accounting of all the circumstances under which Plaintiffs' counsel might contact potential collective members and objected to Plaintiffs' counsel communicating with LTD Claim Specialists who did not return consent to join forms.

Plaintiffs responded that they could not articulate all possible scenarios in which Plaintiffs' counsel might communicate with putative class members and emphasized that they were not willing to impose arbitrary and unjustified limitations on their communications. Plaintiffs reiterated that there was no basis to limit Plaintiffs' communications to individuals who opted into the FLSA collective action, and they pointed out that Defendant's counsel had previously communicated with currently employed LTD Claim Specialists.[4]

Defendant incorrectly claims, "At 5:53 this evening, for the first time, Plaintiffs' counsel confirmed that they would only use contact information during the Notice Period to contact individuals whose notices came back marked 'return to sender.'" This is not an accurate characterization of Plaintiffs' position. As Plaintiffs' have explained numerous times, as a general matter, Plaintiffs reserve the right to use the contact information to (1) assist the claims administrator in effectuating notice and (2) investigate the class and collective claims. Accordingly, notices marked "returned to sender" serve as one *example of* a situation in which communication with potential collective members might be justified; however, it is not the *only* situation in which such communications are justified. For the avoidance of all doubt, Plaintiffs' counsel reiterates that Plaintiffs' counsel will at all times comply with all applicable ethical rules concerning solicitation. Any intimations to the contrary are baseless.

Imposing a prior restraint on Plaintiffs' counsel's communications with potential collective and class members[5] would violate *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) and the First Amendment of the United States Constitution. *See Gordon v. Kaleida Health*, 737 F. Supp.

---

[4]   Throughout this case, Defendant has had near-exclusive access to putative class members. Indeed, in its opposition to Plaintiffs' motion for conditional certification of the FLSA collective action, Defendant submitted declarations obtained from current LTD Claim Specialists. Preventing Plaintiffs' counsel from communicating with putative class members denies Plaintiffs equal opportunity to investigate the claims.

[5]   Following post-collective certification discovery, Plaintiffs intend to move for Rule 23 class certification on claims under New York and Connecticut state law (SAC ¶¶ 53-75, ECF No. 16). The conditionally certified collective includes LTD Claim Specialists from New York and Connecticut who are members of Plaintiffs' proposed state law classes. (ECF No. 65).

The Honorable Alison J. Nathan
May 31, 2018
Page 7

2d 91, 100 (W.D.N.Y. 2010) (rejecting defendants' request to limit plaintiffs' use of putative FLSA collective members' contact information, finding such limitations would "would exceed the court's discretion available under Rule 23 and constitute an undue infringement of Plaintiffs' and Plaintiffs' counsels' First Amendment rights to engage in protected commercial speech.").[6]

Under *Gulf Oil*, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." 452 U.S. at 101. Moreover, "such a weighing . . . should result in a carefully drawn order that limits speech as little as possible," with "attention to whether the restraint is justified by a likelihood of serious abuses." *Id.* at 102 & 104. "Indeed, in many cases" there will be no need for any limitations on the communications with potential class members. *Id.* at 104.[7]

Here, Defendant cannot offer one shred evidence—let alone a "clear record"—of a need to limit Plaintiffs' counsel's use of potential collective members' contact information. There is simply no evidence that Plaintiffs' counsel have or will inappropriately communicate with putative members of the FLSA collective action, the New York class or the Connecticut class. Therefore, there is no basis to restrict Plaintiffs' counsel's communications. *See Gordon*,

---

[6]   Defendant argues, without citing any case law, that the "narrow limits" it proposes are not prior restraints on speech. But, by definition, "[a] 'prior restraint' on speech is a law, regulation or judicial order that suppresses speech. . . on the basis of the speech's content and in advance of its actual expression." *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005). *See also Gordon*, 737 F. Supp. 2d at 100 (limits on communicating with members of FLSA collective would constitute unconstitutional prior restraint). "It has long been established that such restraints constitute 'the most serious and the least tolerable infringement' on our freedoms of speech and press." *Quattrone*, 402 F.3d at 309 (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)).

[7]   Defendant has again, inexplicably, refused to brief *Gulf Oil* and its progeny. *Gulf Oil* is plainly applicable. Defendant's proposed order would, inter alia, prohibit Plaintiffs' counsel from communicating with prospective Rule 23 class members. That is precisely the issue addressed by *Gulf Oil*. Moreover, courts routinely apply *Gulf Oil* to proposed restrictions on communications with prospective members of FLSA collective actions. *See e.g., Mendez v. Enecon Ne. Applied Polymer Sys., Inc.*, No. CV 14-6736 ADS AKT, 2015 WL 4249219, at *2 (E.D.N.Y. July 13, 2015) (applying *Gulf Oil*); *Gordon*, 737 F. Supp. 2d at 96-102 (same); *Hamelin v. Faxton-St. Luke's Healthcare*, No. 6:08-CV-1219, 2009 WL 2045326, at *3 (N.D.N.Y. May 27, 2009) (same); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, No. 5:08-CV-1220, 2009 WL 2045315, at *3 (N.D.N.Y. May 27, 2009) (same). This is the second time Plaintiffs have briefed *Gulf Oil* in connection with Defendant's request to impose limitations on Plaintiffs' counsel's use of class contact information. (*See* ECF No. 72). Defendant is on notice that *Gulf Oil* applies and should not receive any further opportunities to brief *Gulf Oil*.

The Honorable Alison J. Nathan
May 31, 2018
Page 8

737 F. Supp. 2d at 94, 97-102 (rejecting request to prohibit plaintiffs' counsel from using potential collective member contact information "'for any reason other than the issuance of Notice to the conditionally certified FLSA class'"). *Cf. Johnson v. Equinox Holdings, Inc.*, No. 13 CIV. 6313 RMB JLC, 2014 WL 1677117, at *1 (S.D.N.Y. Apr. 28, 2014) (rejecting motion to enjoin plaintiffs' counsel from further pre-certification communications with defendant's employees, since emails to defendant's employees were not misleading).

Likewise, there is no basis for preventing Plaintiffs' counsel from communicating with potential collective members during the opt-in period, as there is no evidence that Plaintiffs' counsel will engage in any misleading or improper communications that will undermine the court-ordered notice. *See Hamelin v. Faxton-St. Luke's Healthcare*, No. 6:08-CV-1219, 2009 WL 2045326, at *3 (N.D.N.Y. May 27, 2009) (vacating magistrate's blanket prohibition on communications with potential opt-ins, citing *Gulf Oil*, and noting that the "there were no actual abuses that occurred to justify the severe restrictions of communication"); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, No. 5:08-CV-1220, 2009 WL 2045315, at *3 (N.D.N.Y. May 27, 2009) (same). Indeed, "Courts regularly order the disclosure of class and collective action members' contact information following certification, both to facilitate notice and to further discovery." *Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, 178 (S.D.N.Y. 2011). *Accord Flood v. Just Energy Mktg. Corp.*, No. 15 CIV. 2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 25, 2016) (dismissing "Defendants object[ion] . . . that Plaintiff will use contact information to unduly solicit participation in the collective action," and noting that "courts in this circuit regularly order the production of . . . contact information when granting conditional certification motions."). [8]

"Moreover, Plaintiffs have a right to seek information from putative class members." *Gordon*, 737 F. Supp. 2d at 102 (citing *Gulf Oil*, 452 U.S. at 101). *Accord Mendez v. Enecon Ne. Applied Polymer Sys., Inc.*, No. CV 14-6736 ADS AKT, 2015 WL 4249219, at *2 (E.D.N.Y. July 13, 2015) ("'[P]laintiffs generally have a right to contact members of the putative class.'") (quoting *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *3 (E.D.N.Y. May 23, 2006)). Indeed, potential class and collective members (including those who do not opt in)[9] may serve as witnesses and provide information relevant to motions for final certification of the FLSA collective and Rule 23 class certification. *See Mendez*, 2015

---

[8]   Therefore, contrary to Defendant's assertions in footnote 2, *supra*, it is entirely appropriate to seek contact information in connection with conditional certification. Indeed, Plaintiffs previously briefed the issue to the Court (*See* ECF No. 66), and the Court directed Defendant to provide Plaintiffs with the potential collective action members' contact information (ECF No. 67). Defendant's claim that this is a "backhanded effort" to get the contact information is belied by the caselaw and the record.

[9]   *See Gordon*, 737 F. Supp. 2d at 100 (rejecting argument that plaintiffs should be restricted from using the contact information to communicate with "employees who did not opt into the conditionally certified collective action").

The Honorable Alison J. Nathan
May 31, 2018
Page 9

WL 4249219, at *2 ("'[P]arties need to be able to communicate with putative class members--if only to engage in discovery regarding issues relevant to class certification-- from the earliest stages of class litigation.'") (quoting *Austen v. Catterton Partners*, 831 F. Supp. 2d 559, 567 (D.Conn. 2011)); *Youngblood v. Family Dollar Stores, Inc.*, Nos. 09 Civ. 3187(RMB)(FM), 10 Civ. 7580(RMB)(FM), 2011 WL 1742109, at *3-5 (S.D.N.Y. Jan. 5, 2011) (collecting cases and noting that discovery of class members' identities will allow Plaintiffs to "select potential witnesses" and gather information relevant to class certification).

Further, privacy concerns do not justify restricting Plaintiffs' counsel's communications with potential class members. *Gordon*, 737 F. Supp. 2d at 98 ("Defendants' attempt to justify the proposed restriction on Plaintiffs' use of the contact information as necessary to protect the privacy interests of Defendants' employees is of doubtful validity.") In fact, even prior to collective certification, "courts have found that the plaintiff's 'need and due process right to conduct discovery' outweigh any privacy concerns of the putative plaintiffs.'" *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (collecting cases and quoting *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008)). *See also Glatt v. Fox Searchlight Pictures Inc.*, No. 11 CIV. 6784 WHP, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) (same). Here, the Court has certified a collective action and recognized that "plaintiff's counsel should be trusted with the contact information of potential plaintiffs . . . ." (Dkt. No. 67 at 2.)[10]

Defendant's paltry proffering of caselaw reveals just how unsupported its position is. The only case Defendant cites from within the Second Circuit is *Ruggles*, an opinion by a Magistrate Judge that has been described as "an abuse of discretion." *Gordon*, 737 F. Supp. 2d at 102. *Accord Hinterberger v. Catholic Health Sys., Inc.*, No. 08-CV-380S F, 2010 WL 3395672, at *11 (W.D.N.Y. May 13, 2010) (same; companion case to *Gordon*). Moreover, the facts of *Ruggles* are plainly distinguishable. There, the defendants complained of a "litany of abuses or misleading statement" that plaintiffs' counsel had made in advertisements to class members. *Ruggles*, 591 F. Supp. 2d at 164. Defendant has not— and cannot—make any such allegation here. Finally, in *Ruggles*, the Court only ruled that

---

[10]   It is also worth noting that names, addresses, and telephone numbers are not generally recognized as highly confidential information. *Cf. Whitehorn*, 2010 WL 2362981, at *3 ("The contact information requested [including names, addresses, and phone numbers] does not implicate more intimate privacy interests such as compelled disclosure of medical records and personal histories.") (internal quotation omitted).  Indeed, such information is often publicly available in online directories. Accordingly, Defendant's request in footnote 3, *supra*, for a Court order imposing confidentiality protocols upon Plaintiffs' counsel is excessive and unnecessary. Plaintiffs' counsel confirmed that they are in compliance with information security standard ISO 27001, and Defendant previously represented to the Court that Defendant needed no further assurances of data protection (ECF No. 73 at 1). Moreover, if Defendant wishes to "limit access to such information," it can employ the procedures outlined in the Confidentiality Agreement, which the Court has already authorized. (ECF No. 30).

The Honorable Alison J. Nathan
May 31, 2018
Page 10

Plaintiffs should "cease in its advertisements to the putative class and remove from its website any notice of this litigation that does not comport with the court-approved notice." *Id.* at 164. Here, by contrast, Defendant seeks a far broader limitation on Plaintiffs' counsel's communications with prospective class and collective members.

For the foregoing reasons, no prior restraints should be placed on Plaintiffs' counsel's communication with potential class members.

The parties are available for a conference before the Court to discuss these issues.  We thank the Court for its consideration and continued assistance in this matter.


Respectfully submitted,


SANFORD HEISLER SHARP, LLP          MORGAN, LEWIS & BOCKIUS LLP



                                    BY: */s/ Melissa C. Rodriguez*
By:                                 Melissa C. Rodriguez
Michael D. Palmer                   Christopher A. Parlo
David Tracey


*Counsel for Plaintiffs and Collective*          *Counsel for Defendant*
*Action Members*