USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA JULIAN, et al.

    Plaintiffs,

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

17-CV-957 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On March 22, 2018, the Hon. Alison J. Nathan, United States District Judge, granted plaintiffs' motion for conditional certification of a collective action under the Fair Labor Standards Act (FLSA), comprising all Long Term Disability Claim Specialists working for defendant Metropolitan Life Insurance Company (MetLife). *See* Mem. Op. & Order dated March 22, 2018 (Dkt. No. 65), at 1, 13-14. On May 10, 2018, Judge Nathan approved a form of notice (Notice) (Dkt. No. 66-1), which includes a notice and opt-in period of 60 days, and authorized it to be sent. *See* Order dated May 10, 2018 (May 10 Order) (Dkt. No. 67), at 2. In addition, the District Judge set the "temporal scope of distribution" at "three years from April 30, 2018," *id.* at 1, and directed MetLife to "disclose potential collective action members' contact information to both Plaintiffs' counsel and the third-party administrator." *Id.* at 2.

Thereafter, additional disputes developed between the parties concerning whether various limitations should be placed on plaintiffs' counsel's use of the potential collective action members' contact information (the Contact Information). At the direction of the District Judge (Dkt. No. 74), those disputes were briefed in a joint letter dated May 31, 2018 (May 31 Joint Letter) (Dkt. No. 75). On January 10, 2018, the District Judge referred this action to me for general pretrial management, including resolution of the disputes set forth in the May 31 Letter. (Dkt. No. 78.)

For the reasons stated on the record at yesterday's conference, the parties' disputes are resolved as follows:

1. <u>Disclosure of Contact Information</u>. Defendant shall provide the Contact Information to plaintiffs' counsel and the administrator, as required by the May 10 Order, no later than **February 5, 2019.** The "temporal scope of distribution" shall remain "three years from April 30, 2018." May 10 Order, at 1.

2. <u>Oral Communications During Notice Period</u>. The Court declines to prospectively limit informal communications between plaintiffs' counsel and the potential collective members, or the use of the Contact Information to engage in such communications, during the 60-day notice and opt-in period. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-04 (1981) (vacating district court's order restricting communications between class counsel and prospective class members as an "abuse of discretion," where the record revealed no "likelihood of serious abuses"); *Johnson v. Equinox Holdings, Inc.*, 2014 WL 1677117, at *1 (S.D.N.Y. Apr. 28, 2014) (applying *Bernard* framework to FLSA collective action and denying employer's application to enjoin further email communications between plaintiffs' counsel and members of potential collective during notice period, where initial emails were merely "ill-conceived," not "objectively false" or misleading); *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 97 (W.D.N.Y. 2010) (applying *Bernard* to FLSA collective action and rejecting limitations similar to those now proposed by MetLife, where "nothing in Defendants' submission establish[es], as is Defendants' burden, that Plaintiffs have or propose to use the employee contact information beyond the provisions of [the District Judge's] notice order, or that Plaintiffs' counsel has engaged or threatens to engage in abusive or unethical conduct to justify restricting further use of the contact information") (citation omitted). *See also* Manual Complex Lit. § 21.12 (4th ed.) ("Judicial intervention is generally justified only on a clear

2

record and with specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.").

3. <u>Destruction of Contact Information at Conclusion of Notice Period</u>. The Court declines to require plaintiffs' counsel to destroy or return the Contact Information at the conclusion of the 60-day notice and opt-in period, and further declines to limit informal communications between plaintiffs' counsel and the potential collective members who chose not to opt in to this action. *See Gordon*, 737 F. Supp. 2d at 101 (rejecting similar limitations on post-notice period communications with employees who did not opt in where "Defendants fail to point to any evidence that Plaintiffs will or are likely to utilize the contact information in improper ways so as to confuse, deceive, harass, or misinform those employees who have not opted into the conditionally certified class in regard to the status of Plaintiffs' other collective or class action claims"). Nothing in this Order relieves counsel of their obligation to comply with all relevant statutory, regulatory, and/or ethical obligations governing their contact with potential collective members, or other MetLife employees.

4. <u>Proposed Revised Civil Case Management Plan</u>. In accordance with the District Judge's order dated July 31, 2018 (Dkt. No. 77), the parties shall submit a proposed Revised Civil Case Management Plan governing remaining the discovery in this action, including class discovery, 20 days after the 60-day notice and opt-in period is concluded.

5. <u>No Class Discovery Pending Revised Civil Case Management Plan</u>. Pending submission and approval of a Revised Civil Case Management Plan in accordance with ¶ 4, above, no party shall address any formal discovery requests (*e.g.*, deposition notices, interrogatories, requests for production, or subpoenas) to potential collective members or to newly opted-in plaintiffs.

All relief requested in the parties' May 31 Letter or at the January 22 conference but not expressly granted herein is DENIED.

Dated: New York, New York
January 23, 2019

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**