# Morgan Lewis

**Melissa C. Rodriguez**
Partner
+1.212.309.6394
melissa.rodriguez@morganlewis.com

March 31, 2020

**VIA ECF**

The Honorable Magistrate Judge Barbara C. Moses
United States District Court, Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:     *Julian et al. v. Metropolitan Life Insurance Co.*, No. 17-cv-00957 (AJN)(BCM)

Your Honor:

We represent Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") in the above-referenced action. We submit this letter in support of Defendant's request for an order compelling Opt-In Plaintiff Adalie Arroyo ("Arroyo") to appear for a deposition within 15 days of entry of the Court's Order, or else be dismissed with prejudice from the action. This relief is requested because, despite the good faith efforts of counsel for both parties, Ms. Arroyo has become unresponsive (for several months) to any efforts to schedule her deposition.

Plaintiffs Debra Julian and Stephanie McKinney brought this case on behalf of themselves and allegedly similarly situated individuals who currently or previously worked for MetLife as LTD Claim Specialists and Senior LTD Claim Specialists (collectively "LTD Claim Specialists"). Plaintiffs allege that LTD Claim Specialists were not paid overtime in violation of the Fair Labor Standards Act ("FLSA") and New York, Connecticut, and Illinois wage laws. Defendant denies that it violated the FLSA or any other wage law.

On March 22, 2018, the Court certified an FLSA collective action. Dkt. No. 65. On May 16, 2018, the Court approved the form and content of the notice to collective members. Dkt. No. 71. The claims administrator distributed the notice and consent to join forms to putative collective members on February 21, 2019, and over eighty (80) LTD Claim Specialists opted into the collective action, thereby becoming "Opt-in Plaintiffs."[1]  Dkt. No. 85. On May 6, 2019, Adalie Arroyo filed her consent to join the action as an Opt-In Plaintiff. Dkt. No. 85.

On June 5, 2019, Defendant served its First Request For the Production of Documents, First Interrogatories (together, "Discovery Requests"), and a Notice of Deposition to Opt-In Plaintiff Arroyo. *See* Notice of Deposition, annexed hereto as Exhibit A. That deposition was initially noticed for July 25, 2019. *Id*. Defendant agreed to an extension of the deadline for Opt-In Plaintiff Arroyo to respond to Defendant's Discovery Requests, and she served responses on July

---

[1] Since then, four Opt-In Plaintiffs have withdrawn from the collective. Dkt. Nos. 94, 105, 109, 111.

1

26, 2019.  Opt-in Plaintiff Arroyo's deposition was not held on July 25, 2019; the Parties agreed that Opt-in Plaintiffs would be deposed on mutually convenient dates.

On January 13, 2020, Defendant asked Plaintiffs' counsel, via email, for a date in January or February to take Opt-In Plaintiff Arroyo's deposition.  On January 14, Plaintiffs advised they would get back to Defendant regarding her deposition.  On January 16, Defendant again asked, via email, for Ms. Arroyo's availability for a deposition.  On January 17, 2020, Plaintiffs' counsel advised that Ms. Arroyo had become "*unresponsive*, despite repeated communications from [counsel's] office." (italics added.)  During telephone calls on January 30 and February 13, Defendant asked again for dates for depositions of Opt-In Plaintiffs, including Ms. Arroyo.  Despite their efforts, Plaintiffs again were not able to provide a date for Ms. Arroyo.  On February 26, Defendant emailed Plaintiffs again asking for a date for Ms. Arroyo's deposition.  On February 28, Plaintiffs confirmed that due to Ms. Arroyo's *unresponsiveness*, they could not provide a date for her deposition.

On March 2, Defendant asked Plaintiffs if they planned on withdrawing Ms. Arroyo as an Opt-In Plaintiff, given that she remained unresponsive and her deposition could not be scheduled.  In response, Plaintiffs' counsel advised that they did not plan to file paperwork with the Court to withdraw Ms. Arroyo as an Opt-In Plaintiff.  Defendant confirmed Plaintiffs' position during a telephone call on March 5, 2020.   Defendant advised Plaintiffs it would seek an order from the Court.

Under the FLSA, individuals who file signed consent forms to join the case (as Ms. Arroyo has done here) become "party plaintiffs" in the action.  29 U.S.C. § 216(b).  By voluntarily choosing to opt-in and participate in this lawsuit, Opt-In Plaintiff Arroyo took on the obligation to engage in discovery with respect to her claims.  *Morangelli v. Chemed Corp.,* No. 10-876, 2011 WL 7475, at *2 (E.D.N.Y. Jan. 1, 2011).  Now, more than nine months after being served with a notice of deposition, Opt-In Plaintiff Arroyo continues to ignore her discovery obligations and has been unresponsive to multiple attempts by her own counsel to have her appear for a duly noticed deposition.

Accordingly, we request that the Court issue an order compelling Ms. Arroyo to appear for a deposition within 15 days of the Court's order, and if she fails to appear, her claims should be dismissed with prejudice. *See, e.g.*, FRCP 37(d) (permitting dismissal where a plaintiff fails to appear for his deposition after receiving proper notice); *Morangelli*, 2011 WL 7475, at *1 (explaining "courts have employed Rule 37(d) to dismiss FLSA plaintiffs who do not attend their depositions" and finding "dismissal appropriate" for the "categorical refusal" of plaintiffs to appear for depositions); FRCP 41(b) (calling for dismissal if a plaintiff fails "to comply with these rules or a court order"); *Colella v. New York City Transit Auth.*, No. 12CV6041 GBD MHD, 2014 WL 7967835, at *4 (S.D.N.Y. Dec. 2, 2014) (recommending that FLSA opt-ins be dismissed with prejudice for failure to respond to discovery requests), *report and recommendation adopted in relevant part*, No. 12-6041, 2015 WL 906168 (S.D.N.Y. Mar. 3, 2015) (dismissing with prejudice opt-in plaintiffs who failed to respond to discovery requests despite being ordered to do so by the court); *Roach v. T.L. Cannon Corp.*, 2012 WL 2178924, at *4 (S.D.N.Y. May 15, 2012) (dismissing opt-ins who failed to cooperate with counsel in scheduling depositions);  *Ruiz v. Citibank, N.A.*, 2014 WL 4635575 (S.D.N.Y. Aug. 19, 2014) (dismissing five opt-ins' FLSA claims with prejudice for non-compliance with discovery order); *Brennan v. Qwest Commc'ns Int'l, Inc.,* No. 07–2024, 2009 WL 1586721, at *7–10 (D. Minn.

June 4, 2009) (dismissing with prejudice FLSA opt-ins who failed to make themselves available for depositions or respond to discovery, as lesser sanctions were insufficient).

Defendant is available at the Court's convenience for a conference to discuss the aforementioned issues.

Respectfully submitted,

*/s/ Melissa C. Rodriguez*

Melissa C. Rodriguez

cc: Michael Palmer, Esq.; David Tracey, Esq.; Michael R. DiChiara, Esq. (Attorneys for Plaintiffs, via ECF)