USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA JULIAN, et al.

        Plaintiffs,

-against-

METROPOLITAN LIFE INS. CO.,

        Defendant.

17-CV-957 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Adalie Arroyo, an employee of defendant Metropolitan Life Insurance Company (MetLife), filed a consent to join this Fair Labor Standards Act (FLSA) action as a plaintiff on May 6, 2019, with an effective date of March 20, 2019 (Dkt. No. 85, at ECF page 34; Dkt. No. 86), and thereafter responded to written discovery served on her by MetLife. However, defendant's recent efforts to schedule Arroyo's deposition have been unavailing. On January 17, 2020, plaintiffs' counsel advised MetLife's counsel that Arroyo had become "unresponsive," which state of affairs apparently continued through February and March 2020. *See* Def. Ltr. dated March 31, 2020 (Def. Ltr.) (Dkt. No. 127), at 2. On March 31, 2020, MetLife filed a letter-motion seeking an order "compelling Ms. Arroyo to appear for a deposition within 15 days of the Court's order, and if she fails to appear, her claims should be dismissed with prejudice" pursuant to Fed. R. Civ. P. 37(d) or 41(b). *Id.*

In their responding letter, dated April 3, 2020, plaintiffs "do not dispute Defendant's account of Ms. Arroyo's participation in this matter," but argue that the relief sought is "too severe" in light of the "anxiety" that many of MetLife's current employees feel "about actively participating in litigation against their employer," especially in the "current economic climate." Pl. Ltr. dated April 3, 2020 (Dkt. No. 131), at 1. Plaintiffs propose that Arroyo be given 30 days to appear for deposition, and that, if she fails to appear, any dismissal of her claims be without

prejudice. *Id.* at 2. MetLife informs the Court in its reply letter that it does not object to a dismissal without prejudice, "with one caveat – if Ms. Arroyo chooses to file a new consent form and to rejoin the action that she appear for a deposition within thirty (30) days of the date she rejoins the case." Def. Ltr. dated April 6, 2020 (Dkt. No. 132), at 2.

It is well-settled that an opt-in FLSA plaintiff is required to participate in party discovery, and that her claims may be dismissed – with or without prejudice – should she willfully fail, after being adequately warned, to appear for deposition. *See*, *e.g., Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1-2 (E.D.N.Y. 2011) (ordering opt-in FLSA plaintiffs who previously failed to appear for deposition to do so within three weeks or else "have their claims dismissed with prejudice"); *Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *1-3 (S.D.N.Y. Aug. 19, 2014) (dismissing claims of opt-in FLSA plaintiffs with prejudice after they "entirely failed to respond to both discovery requests and Judge Ellis's June 27, 2013 Order, the latter of which explicitly warned them of the consequences of failure to participate in discovery."); *Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *1 (S.D.N.Y. Feb. 21, 2008) (dismissing claims of FLSA opt-in plaintiffs without prejudice after they repeatedly failed to appear for deposition).

Plaintiffs' suggestion that Arroyo is hesitating out of "anxiety" about suing her employee appears to be speculation – given that she has been "unresponsive" to counsel's efforts to contact her for many months – and in any event would not justify her failure to discharge her discovery obligations where, as here, there is no claim of actual misconduct by MetLife. *See Morangelli*, 2011 WL 7475, at *2 ("Plaintiffs apparently did not fear retaliation enough to stop them from putting their names forward and filing public complaints against their employer. If there was going to be retaliation, that was the act that would make it most likely to occur. It strains credulity to suggest that their involuntary giving of a deposition, pursuant to court order and at

defendant's demand, would materially increase their risk."). Consequently, plaintiff will be ordered to appear for deposition. In light of the ongoing COVID-19 national health emergency, which requires that arrangements be made to conduct depositions remotely, the Court will allow a period of 30 days from the date of this Order to complete that deposition.[1]

Dismissal of a plaintiff's claims as a sanction, whether pursuant to Rule 37(b)(2)(v) or Rule 41(b), is "a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the noncompliant litigant." *Ruiz*, 2014 WL 4635575, at *2 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Before dismissing a plaintiff's claims the court must also consider "[ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance; and [iv] whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original)). *See also Martinez*, 2008 WL 482869, at *4 ("[A] plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b), the pertinent criteria for which largely parallel those applicable to the Rule 37 analysis.").

In this case, although MetLife has noticed Arroyo's deposition, *see* Def. Ltr. at 2, and counsel for both sides appear to have made some efforts to schedule that deposition, Arroyo is not (yet) in violation of an express court order requiring her to appear for examination. Nor (until now) has she been expressly warned that her continued failure to do so could result in the

---

[1] By Order dated March 17, 2020, the Court directed, "pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), that all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means." (Dkt. No. 125.) Further instructions regarding such depositions may be found in the March 17 Order.

dismissal of her claims. Consequently, it would be premature for this Court to determine whether, and on what terms, to dismiss Arroyo's claims in the event she fails to present herself for deposition as directed within the next 30 days.

For these reasons, it is hereby ORDERED that defendant's letter-application to compel discovery (Dkt. No. 127) is GRANTED to the extent that opt-in plaintiff Adalie Arroyo must appear for deposition on a mutually convenient date within 30 days of the date of this Order. In the alternative, plaintiff Arroyo may, within the same period of time, file a request to withdraw her consent to join this FLSA action. **Plaintiff Arroyo is hereby advised that she cannot ignore her discovery obligations with impunity. Any failure on her part to comply with this Order could result in significant sanctions, including but not limited to the dismissal of her claims in this action**.

It is further ORDERED that plaintiffs' counsel shall promptly serve a copy of this Order upon plaintiff Arroyo at her last known mail and email address and shall file proof of such service on the Court's electronic docket.

Dated: New York, New York
April 7, 2020

                                  **SO ORDERED**.

                                **BARBARA MOSES**
                                **United States Magistrate Judge**