UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA JULIAN, et al.,

        Plaintiffs,

   -against-

METROPOLITAN LIFE INS. CO.,

        Defendant.

17-CV-957 (AJN) (BCM)

**ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2020
```

**BARBARA MOSES, United States Magistrate Judge.**

      By letter-motion dated February 20, 2020 (Dkt. No. 107), plaintiffs sought an order compelling defendant to produce a designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about defendant's electronically stored information (ESI). By letter dated February 25, 2020 (Dkt. No. 110), defendant Metropolitan Life Insurance Company (MetLife) opposed the application. Thereafter, the parties made and the Court granted a series of applications to hold plaintiffs' motion in abeyance as the parties sought to resolve the issues amongst themselves. (*See* Dkt. Nos. 113, 116, 119, 123, 124, 130, 133, 136, 137.)

      By order dated April 27, 2020 (Dkt. No. 141), the Court denied the parties' 6th request to hold plaintiffs' motion in abeyance (Dkt. No. 140), and scheduled a discovery conference for May 14, 2020. In advance of the May 14 conference, at the Court's direction, the parties filed a joint letter dated May 11, 2020 (Joint Ltr.) (Dkt. No. 148), followed by defendant's letter dated May 13, 2020 (Def. Ltr.) (Dkt. No. 150) and plaintiffs' letter dated May 13, 2020 (Pl. Ltr.) (Dkt. No. 151).

      The Joint Letter informs the Court that the parties were able to resolve portions of their dispute, and that MetLife is willing to produce one or more witnesses to offer testimony on its behalf regarding four of its ESI systems, known as the Unified Inforce System Systems (UIS), Disability Process Automation (DPA), Unified Disability Systems (UDS), and Intellis. Joint Ltr., at 2. However, the parties continue to disagree as to two points: "[w]hether Defendant should be permitted to designate two to three individuals to testify separately about each of the four ESI systems at issue," and "[w]hether each designee counts against the presumptive 10-person limit for depositions under Fed. R. Civ. P. 30(a)(2)(A) or whether all 30(b)(6) designees collectively count as one deposition." Joint Ltr., at 4. The Joint Letter also requests a modification of the current scheduling order which would extend the deadline for pre-certification class discovery by eight weeks and extend the class certification briefing schedule accordingly. *Id*. at 3-4.

      For the reasons stated on the record at the May 14, 2020 conference, it is hereby ORDERED as follows:

      1.    <u>Intellis Questions</u>. Defendant has provided plaintiff with written descriptions of each of the four ESI systems now at issue, and plaintiffs have followed up with written questions concerning the UDS, UIS, and DPA systems, s*ee* Pl. Ltr. Tab A, which supplement the description of the "matters for examination" contained in

their notice of deposition (Dkt. No. 107-1) and will assist MetLife in preparing its Rule 30(b)(6) witnesses for deposition. *See* Fed. R. Civ. P. 30(b)(6) (the party seeking testimony on behalf of an entity must "describe with reasonable particularity the matters for examination"). No later than **May 22, 2020**, plaintiffs shall provide defendant with a comparable list of questions with respect to the Intellis system.

2. <u>30(b)(6) Designations</u>. No later than **May 29, 2020**, MetLife shall designate "one or more" persons to testify on its behalf concerning the four ESI systems. Fed. R. Civ. P. 30(b)(6). Given the clear language used in the rule, the Court will not order MetLife to "identify one designee who is fully prepared to testify about all four ESI systems at issue, including about the technical aspects of each system and about how class members interact with each system." Pl. Ltr. at 2. However, the Court encourages defendant to limit the number of designees to the extent reasonably practicable, and reminds defendant that the designees need not have personal knowledge concerning every anticipated deposition topic. To the contrary: a 30(b)(6) designee has an "affirmative obligation" to "educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." *Rubie's Costume Co. v. Kangaroo Manufacturing, Inc.*, 2018 WL 4558405, at *3 (E.D.N.Y. Sep. 21, 2018) (quoting *Panolam Industry Int'l, Inc. v. F &F Composite Group Inc.*, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010)).

3. <u>Deposition Schedule</u>. The parties shall use their best efforts to schedule all deposition testimony regarding the four ESI systems during May and June 2020. The depositions shall be conducted remotely.  (*See* Dkt. No. 125.)

4. <u>Counting Depositions</u>. Ordinarily, "[a] deposition under Rule 30(b)(6) should, for purposes of [the presumptive limit of 10 depositions per side, *see* Fed. R. Civ. P. 30(a)(2)(A)(i)] be treated as a single deposition even though more than one person may be designated to testify."  Fed. R. Civ. P. 30(a) advisory committee note to 1993 amendment. Plaintiffs seek to apply the ordinary rule here, "irrespective of the number of designees MetLife has decided to put forward." Pl. Ltr. at 2. Defendant "proposes that, because each of the four ESI systems at issue is unique, the depositions concerning each of the four systems should 'count' as one deposition (for a total of four depositions)."  Def. Ltr. at 2. For planning purposes, the parties should assume that the testimony concerning MetLife's ESI systems will constitute a single deposition. The parties should also assume that, in the event of a dispute concerning leave to take more than ten depositions, the Court will again apply a rule of reason and consider all of the factors set forth in Fed. R. Civ. P. 26(b)(1).

5. <u>Extended Deadlines</u>. At the parties' request, the Court hereby revises the deadlines set forth in the Amended Civil Case Management Plan (Dkt. No. 104, previously modified by Dkt. No. 125) as follows:

    a. Close of pre-certification class discovery – July 29, 2020.

    b.    Due date for plaintiffs' motion for Rule 23 class certification – August 28, 2020.

    c.    Due date for defendant's opposition to class certification – September 28, 2020.

    d.    Due date for plaintiffs' reply in support of class certification – October 26, 2020.

Dated: New York, New York
       May 15, 2020

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**