UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA JULIAN, et al.

        Plaintiffs,

    -against-

METROPOLITAN LIFE INS. CO.,

        Defendant.

17-CV-957 (AJN) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. ALISON J. NATHAN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/08/2020

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is defendant's letter-motion, dated May 26, 2020 (Def. Ltr.) (Dkt. No. 156), to dismiss the claims of plaintiff Adalie Arroyo, with prejudice, due to her failure to participate in discovery even after this Court ordered her to appear for deposition within 30 days. Order dated April 7, 2020 (April 7 Order) (Dkt. No. 134), at 4. In their opposition letter, dated May 28, 2020 (Pl. Ltr.) (Dkt. No. 158), plaintiffs concede that Arroyo has ignored her recent discovery obligations – as well as her counsel's attempts to communicate with her – but argue that a dismissal with prejudice would be too harsh. For the reasons that follow, I recommend that Arroyo's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b).

## Background

Plaintiff Debra Julian, a Long Term Disability (LTD) Claims Specialist at Metropolitan Life Insurance Company (MetLife), filed this action on behalf of herself and other LTD Claims Specialists on February 8, 2017, seeking unpaid overtime wages and related relief pursuant to, *inter alia*, the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201, *et seq*. *See* Compl. (Dkt. No. 1) ¶¶ 71-75. The Hon. Alison J. Nathan, United States District Judge, conditionally certified an FLSA collective pursuant to 29 U.S.C. § 216(b) on March 22, 2018 (Dkt. Nos. 62, 65), and Arroyo opted in as a plaintiff on May 6, 2019, with an effective date of March 20, 2019. (Dkt.

No. 85 at ECF page 34; Dkt. No. 86.) Thereafter, although Arroyo responded to defendant's written discovery requests on July 26, 2019, she did not respond to requests to schedule her deposition, which was initially noticed for July 25, 2019. *See* Def. Ltr. dated March 31, 2020 (Dkt. No. 27) at 1. On January 17, 2020, plaintiffs' counsel advised defendant's counsel that Arroyo had become "unresponsive," *id*. at 2, a state of affairs which continued through February and March 2020. On March 31, 2020, defendant sought an order "compelling Ms. Arroyo to appear for a deposition within 15 days of the Court's order, and if she fails to appear, her claims should be dismissed with prejudice." *Id*.

I granted defendant's motion "to the extent that opt-in plaintiff Adalie Arroyo must appear for deposition on a mutually convenient date within 30 days of the date of this Order. In the alternative, plaintiff Arroyo may, within the same period of time, file a request to withdraw her consent to join this FLSA action." April 7 Order, at 4. The order continued (in bold text):

> **Plaintiff Arroyo is hereby advised that she cannot ignore her discovery obligations with impunity. Any failure on her part to comply with this Order could result in significant sanctions, including but not limited to the dismissal of her claims in this action**.

*Id*.

On April 9, 2020, plaintiffs' counsel certified that he served a copy of April 7 Order on Arroyo at her last known mail and email address. (Dkt. No. 135; *see also* Pl. Ltr. at 1.) However, "Plaintiff's counsel has not received any communication from Ms. Arroyo since serving the Order." Pl. Ltr. at 1. Consequently, plaintiff did not appear for deposition. Nor did she withdraw, or take any steps to withdraw, from her role as a plaintiff herein.

## Analysis

If a plaintiff "fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Similarly, where a

2

party fails to obey a discovery order, the Court may issue "further just orders," including, *inter alia*, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Although dismissal for non-compliance with a discovery order "depends exclusively on Rule 37," *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958), "courts in this Circuit have utilized Rule 41(b) where opt-in plaintiffs ceased to communicate with their counsel in addition to their noncompliance with a discovery order." *Roseman v. Bloomberg, L.P.*, 2017 WL 1287138, at *2 (S.D.N.Y Apr. 4, 2017).

Dismissal with prejudice, although available under both Rule 37(b) and Rule 41(b), "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Koehl v. Bernstein*, 740 F. 3d 860, 862 (2d Cir. 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009) (per curiam)); *accord Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *Agiwal*, 555 F.3d at 302)). In addition, before dismissing a plaintiff's claims (with or without prejudice) the court must consider "[ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance; and [iv] whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Ruiz*, 2014 WL 4635575, at *2 (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original)). *See also Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *4 ("[A] plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b), the pertinent criteria for which largely parallel those applicable to the Rule 37 analysis.").

In this case, as plaintiffs effectively concede, the criteria for dismissal have been met. Plaintiff Arroyo has ignored her discovery obligations for at least five months, remaining unresponsive even after being expressly warned, by this Court, of the consequences. Moreover,

given her failure to communicate even with her own counsel, there is no reason to believe that lesser sanctions, such as monetary penalties, would be effective. However, the situation is not so "extreme" as to require the ultimate sanction of dismissal with prejudice. *See*, e.g., *Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *1 (S.D.N.Y. Feb. 21, 2008) (dismissing claims of FLSA opt-in plaintiffs without prejudice after they repeatedly failed to appear for deposition). Accordingly, I recommend, respectfully, that plaintiff Arroyo's claims be DISMISSED WITHOUT PREJUDICE.

Plaintiffs' counsel shall promptly serve a copy of this Order upon plaintiff Arroyo at her last known mail and email address and shall file proof of such service on the Court's electronic docket.

Dated: New York, New York
June 8, 2020

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed on ECF. Due to the COVID-19 public health emergency, paper courtesy copies should *not* be delivered to the Hon. Alison J. Nathan or to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Nathan. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).