# Morgan Lewis

**Christopher A. Parlo**
Partner
+1.212.309.6062
cparlo@morganlewis.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/23/2020

**MEMO ENDORSED**

June 16, 2020

**VIA ECF**

Honorable Magistrate Judge Barbara Moses
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Julian et al. v. MetLife, Inc.,* 1:17-cv-00957-AJN-BCM

Your Honor:

We represent Defendant Metropolitan Life Insurance Co. ("Defendant" or "MetLife") in the above-referenced action.  Pursuant to Rule 2(b) of Your Honor's Individual Practices, Defendant respectfully requests a pre-motion discovery conference to discuss Defendant's request to: (1) obtain written discovery responses from and depose an additional 15 opt-in plaintiffs (for a total of twenty-two opt-ins); and (2) have all opt-in plaintiffs (who have not already completed one) independently complete a short, two page "LTD (and Sr. LTD) Claims Specialist Survey" (the "survey").[1]  The parties have conferred in good faith over these issues, but have not been able to reach an agreement.[2]

---

[1] A number of LTD Claims Specialists ("LTDCS") have already completed this survey as part of their employment with MetLife.  Defendant produced those completed surveys to Plaintiff.  A sample survey is attached hereto at Tab A.

[2] In compliance with Your Honor's Rule 2(b), the undersigned certifies that, in addition to written correspondence, counsel for the parties – including Michael Palmer and David Tracey (and some of their colleagues) for Plaintiffs, and Christopher A. Parlo and/or Melissa C. Rodriguez (and some of their colleagues) for Defendant – conferred over these issue during the parties' weekly calls (which typically last 30 minutes to one hour), including on March 19 and 30, and April 9 and 16, 2020.  During these calls, after some back and forth, Plaintiffs suggested that, in exchange for Defendant's consent for Plaintiffs to take up to fourteen (14) depositions, Plaintiffs would agree to allow the depositions of ten (10) additional opt-ins, but that: (1) the depositions be limited to four (4) hours each on the record; (2) some opt-ins be former employees; and (3) some opt-ins be randomly selected.  As for the survey, Plaintiffs indicated that they may agree to have a limited number of opt-ins complete the same, but with assistance from counsel.  For the reasons set forth herein, Plaintiffs' proposals could not be accepted.

Plaintiffs Debra Julian and Stephanie McKinney, now joined by Kimberley Harris,[3] brought this case on behalf of themselves and allegedly similarly situated individuals who currently or previously worked for MetLife as LTDCSs and Senior LTDCSs.  Plaintiffs allege that LTDCSs were not paid overtime in violation of the Fair Labor Standards Act ("FLSA") and New York, Connecticut, and Illinois wage laws.  Defendant denies that it violated any law.  On March 22, 2018, the Court certified an FLSA collective action and over eighty (80) LTDCSs opted into the collective action. Dkt. Nos. 65, 85.[4]

Under the FLSA, such individuals, who file signed consent forms to join a case (as each opt-in plaintiff did here) become "party plaintiffs" or "Opt-in Plaintiffs" in the action.  29 U.S.C. § 216(b).  Defendant has the right to take discovery from parties before this Court who are asserting claims against it.  *See, e.g., Morangelli v. Chemed Corp.*, No. 10-0876, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) (holding that "[w]hen an individual voluntarily chooses to participate in [a] lawsuit, he takes on the obligation to provide discovery about his claim.").  In a collective action, that right needs to be balanced with what is reasonable given the number of opt-ins.  To date, Defendant has obtained discovery responses and taken the depositions of the three Named Plaintiffs and seven opt-in plaintiffs.  With Named Plaintiff Harris, the total number of depositions taken by Defendant will be only 10 – *across three putative class actions and the collective action*.  For the reasons set forth herein, Defendant should be permitted to seek discovery from, and to depose, an additional 15 opt-in plaintiffs.

Courts have long recognized that opt-in plaintiffs, as party plaintiffs in a case, have a duty to participate in discovery.  *See, e.g.*, *Krueger v. NY Telephone Co.*, 163 F.R.D 446, 449-51 (S.D.N.Y. 1995) (compelling 162 opt-in plaintiffs to respond to discovery because they had "freely chosen to participate and each of whom ha[d] relevant information with respect to the claims and defenses in this action"); *Rosen v. Reckitt & Coleman Inc.*, No. 91-1675, 1994 WL 652534, at *2-4 (S.D.N.Y. Nov. 17, 1994) (rejecting plaintiff's argument for representative discovery from a percentage of the 50 opt-in plaintiffs because the small class size would make any sampling statistically unreliable, and because each plaintiff had highly probative anecdotal evidence that "might go *entirely* undiscovered" with sampling.") (emphasis in original).  This case law is in accord with numerous other decisions that make it clear that discovery from opt-in plaintiffs is appropriate. *See, e.g., Lloyd v. J.P. Morgan Chase & Co.,* 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015) (permitting written discovery on 100 plaintiffs and depositions of 20 plaintiffs).  *See also Forauer v. Vermont Country Store, Inc.*, 2014 WL 2612044, at *5 (D. Vt. June 11, 2014) (granting defendant's motion to depose all 25 opt-ins); *McFadden v. Corrections Corp. of Am.*, 2012 WL 555069, at *2-3, *7 (D. Kan. Feb. 21, 2012) (granting motion to compel responses from all 250 opt-in Plaintiffs because they chose to become parties to the action); *Hernandez v. Starbucks Coffee Co.*, No. 09-60073, 2010 WL 11505468, at *4 (S.D. Fla. Apr. 23, 2010) (granting motion to compel all opt-ins to respond to discovery, since the requests were not overly burdensome and sought relevant information related to their job activities); *Renfro v. Spartan Computer Servs., Inc.,* No. 06-2284, 2008 WL 474253 (D. Kan. Feb. 19, 2008) (requiring all of the over 100 opt-ins to respond to discovery); *Abubakar v. City of Solano*, No.

---

[3] On March 6, 2020, Plaintiffs filed a Third Amended Complaint adding Harris as a Named Plaintiff and as the representative of a purported Fed. R. Civ. P. 23 ("Rule 23") Illinois class. Dkt. No. 120.
[4] Since then, five opt-in plaintiffs have withdrawn from the collective and Your Honor has recommended that opt-in Arroyo be dismissed without prejudice.  Dkt. Nos. 94, 105, 109, 111, 153, 168.

2

06-2268, 2008 WL 508911, at *1 (E.D. Cal. Feb. 22, 2008) (requiring all of the approximately 160 opt-ins to respond to discovery).

While Defendant would be justified in seeking full discovery from all opt-in plaintiffs, Defendant seeks to have only 22 (28%) of the opt-in plaintiffs respond to Requests for Production of Documents and Interrogatories ("discovery requests") and appear for a deposition. This request is reasonable, especially in light of the fact that Plaintiffs have recently amended the Complaint again to add a new Illinois class. To date, Defendant has only noticed one deposition in Illinois: the deposition of Named Plaintiff Harris.[5] Had Defendant previously known that Plaintiffs would be bringing a purported Rule 23 Illinois class, Defendant would have sought discovery from, and noticed more depositions of, opt-in plaintiffs in Illinois. Defendant should be permitted to do so now.

Moreover, the testimony of the Plaintiffs and opt-ins deposed to date confirms that their alleged experiences in performing their work duties are wildly different – spanning the spectrum 360 degrees from "I am a trained monkey and peon," to "other people make all the decisions" to "I make all of those decisions myself," to everything in between. Indeed, in both deposition testimony and responses to MetLife's surveys, some Plaintiffs and opt-ins gave the opposite answer to the exact same question concerning their exempt functions. Others also downplayed or flat-out disowned statements in their own resumes and self-assessments which conceded that they regularly exercised discretion to make important decisions, conflicting with their own past words. Given the vastly divergent deposition testimony thus far about whether or not LTDCSs performed exempt duties, Defendant is entitled to take additional discovery from opt-ins to confirm that Plaintiffs are not similarly-situated to anyone and are unable to meet the elements for Rule 23 certification, and to develop and present defenses at trial related to the merits of each claim.

The discovery requests that Defendant has served on opt-in plaintiffs are not burdensome – each opt-in will need only gather a basic set of documents and information about himself or herself and his or her own claim.[6] *See* sample opt-in discovery requests, at Tab B. Certainly, appearing for a short deposition in or close to one's own city or town is not burdensome. Accordingly, Defendant should be permitted to have an additional 15 opt-in plaintiffs respond to discovery requests and appear for a deposition.

Respectfully, Plaintiffs' proposed limitations concerning opt-in depositions are unreasonable. First, limiting Defendant to take discovery and depositions from just an additional 10 opt-ins would result in Defendant deposing only 21% of the opt-ins, below what numerous courts have permitted. *See, e.g., Rosen*, 1994 WL 652534, *2-4; *Hernandez*, 2010 WL 11505468, *4; *Renfro*, 2008 WL 474253. Second, Defendant should be allowed to decide from which opt-ins it wishes to take discovery, and not leave those selections to chance (or Plaintiffs' counsel). There is also no reason to limit Defendant's ability to depose opt-ins who are currently employed with MetLife, as those individuals have the same obligation to participate in discovery as opt-ins

---

[5] Defendant has also deposed opt-in plaintiff Tamitra Harris, who worked as a LTDCS in Illinois for a period outside the applicable statutes of limitation, and subsequently worked as a LTDCS in Florida. Defendant also deposed former opt-in Gill, who was assigned to an Illinois office, but worked remotely from Michigan and, thus, is not part of the putative Illinois class.

[6] We also note that the opt-in plaintiffs have made "cookie-cutter" objections in their responses, underscoring the ease of responding to the discovery requests.

formerly employed with Defendant, and, as this Court has noted, there is no allegation (let alone evidence) of any misconduct of any kind by Defendant. *See* Dkt. No. 134 ("Plaintiffs' suggestion that Arroyo is hesitating out of 'anxiety' about suing her employee appears to be speculation . . . and in any event would not justify her failure to discharge her discovery obligations where, as here, there is no claim of actual misconduct by MetLife.").

Finally, Plaintiffs' proposed four-hour deposition limit is unworkable in the current COVID-19 environment, in which the party plaintiff deponents have insisted that depositions be taken from their home and with NO court report OR attorneys present. Indeed, as evidenced by the two depositions Defendant has taken in the last few weeks, remote depositions take inherently longer. For example, with no court reporter in the room the exchange and review of exhibits involves uploading and "sharing" the exhibits on the screen, and also emailing the exhibits to opposing counsel and the witness so that they may independently scroll up and down through the documents themselves (which cannot be done on the WebEx shared screen). This multi-step process takes much longer than simply having a court reporter hand the witness exhibits. But this is what Plaintiffs have demanded and Defendant has accommodated it. The delays are further compounded by family and delivery distractions and disruptions, home internet crashing, people speaking over one another, and other complications. Accordingly, Defendant should be allowed to select 15 additional opt-ins for full seven-hour depositions (if needed).

Defendant also respectfully requests that the Court order every opt-in plaintiff to complete a short survey about their duties (to the extent s/he has not already completed one). It is beyond cavil that completing a simple, two page survey that merely requires "yes" or "no" answers (*see* Tab A) is not burdensome, and should take each opt-in no more than a few minutes to complete. *See Bonds v. GMS Mine Repair & Maint.*, No. 13-cv-1217, 2014 WL 6682475, at *2 (W.D. Pa. Nov. 25, 2014) (allowing five part questionnaire for all 157 opt-in plaintiffs); *Crawford v. Prof'l Transp. Inc.,* No. 14-cv-18, 2015 WL 5123871, at *4 (S.D. Ind. Sept. 1, 2015) (allowing questionnaire to 3,000 opt-ins); *Hazelbaker v. MetLife Prop. and Cas.*, No. 13-08067, Dkt. No. 182 (D. Ariz. Mar. 17, 2014) (ordering "[l]imited and focused discovery from all opt-in plaintiffs" including a questionnaire with limited questions). It is certainly less burdensome than the alternative, which is having each of the opt-ins respond to fulsome discovery requests and sit for depositions, which, as shown above, Courts find reasonable in collective actions of this size. *Rosen*, 1994 WL 652534, *4 ("Fairness therefore mandates that [defendant] be granted an opportunity to depose each member of this relatively small plaintiff class"). Defendant further requests that the opt-ins be ordered to independently respond to the survey, meaning that the responses will not be ghost-written by counsel and the opt-ins will not share answers. *See, e.g., Hackett v. Segerblom*, No. 2:06CV01081JCM-GWF, 2007 WL 2254708, at *4 (D. Nev. Aug. 3, 2007) ("Plaintiff's counsel is directed to avoid improper coaching of Plaintiff.").

Defendant is available at the Court's convenience for a conference to discuss the aforementioned issues. Thank you for your consideration.

Respectfully submitted,

*/s/ Christopher A. Parlo*
Christopher A. Parlo

4

cc: Michael Palmer, Esq.; David Tracey, Esq.; Michael R. DiChiara, Esq. (Attorneys for Plaintiffs, via ECF)

---

Application GRANTED IN PART. The Court will hear argument concerning the issues raised herein during the previously-scheduled **June 29, 2020** conference. (*See* Dkt. No. 177.) Plaintiffs having filed an opposition letter (Dkt. No. 181), defendant shall file its reply letter no later than **June 25, 2020**. The Court requests that the reply letter clarify the issues on which a ruling is sought. The Court understands that the parties dispute (i) how many opt-in depositions defendant may take, of whom, and for how long; and (ii) whether defendant may require the opt-in plaintiffs to complete its survey, and if so under what conditions. The Court is uncertain as to whether a ruling is requested or required concerning the substance of the interrogatories and document requests that defendant has served or plans to serve on the additional opt-in plaintiffs.

SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
June 23, 2020