UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA JULIAN, et al.,

        Plaintiffs,

  -against-

METROPOLITAN LIFE INS. CO.,

        Defendant.

17-CV-957 (AJN) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/30/2020

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record at the June 29, 2020 conference, it is hereby ORDERED as follows:

1. <u>Opt-in Depositions</u>. Defendant may conduct depositions of 13 additional opt-in plaintiffs, for a total of 20 opt-in depositions (25% of the 80 opt-in plaintiffs). Defendant may select 10 of the 13 deponents; plaintiffs may select the remaining three. Each deposition is limited to one day of seven hours. The parties shall identify the additional opt-in deponents promptly no later than **July 2, 2020**, so that the depositions can be scheduled and completed – with adequate time for pre-deposition written discovery, as discussed below – by the close of pre-certification discovery.

2. <u>Written Discovery</u>. Defendant is not precluded from serving well-tailored and non-burdensome written discovery requests, in accordance with the Federal Rules of Civil Procedure, on the opt-in deponents. Any disputes concerning those requests should be promptly presented to the Court, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices, so as not to delay the depositions. Defendant may not require the opt-in deponents to fill out its proposed survey (Dkt. No. 178-1) or employ similar informal written discovery devices.

3. <u>Connecticut Class Size</u>. Defendant shall supplement its response to Request for Admission (RFA) No. 3, contained within plaintiffs' Second Requests for Admissions (Dkt. No. 186-5 at ECF page 5), no later than **July 6, 2020.** If at that time defendant cannot admit or deny whether there are "at least forty (40) full-time LTD Claims Specialists [that] worked for MetLife in the State of Connecticut during the CMWA Class Period," RFA No. 3, it shall instead stipulate that for class certification purposes in this case, it will not contest numerosity with respect the proposed Connecticut class.

4. <u>Remaining Unscheduled Fact Depositions</u>. The parties report that two Rule 30(b)(6) depositions have been scheduled but not yet completed, and that plaintiffs have identified five additional fact witnesses, associated with defendant,

whose depositions have not yet been scheduled. Those depositions shall be scheduled as promptly as possible, so as to enable defendant to produce all ESI associated with each such deponent no later than one week prior to his or her deposition.

5. <u>Remaining Document Production</u>. All remaining document production in response to pending requests, including ESI, shall be substantially completed no later than **July 29, 2020**. Any remaining disputes with respect to ESI search terms shall be should be promptly presented to the Court, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices, so as not to delay the substantial completion date. Defendant is not required to produce individualized plan documents or plan descriptions for each employer/company within the responsibility of each opt-in deponent.

6. <u>Extended Deadlines</u>. In light of the pre-certification discovery yet to be completed, the Court extends certain pending deadlines as follows:

    a. Close of pre-certification class discovery – **August 28, 2020**.

    b. Due date for plaintiffs' Rule 23 class certification motion – **September 30, 2020**.

No further extensions shall be granted absent compelling circumstances. The parties shall meet and confer (remotely) and propose a schedule to the Court for opposition and reply papers with regard to class certification.

Dated: New York, New York  
June 30, 2020

**SO ORDERED**.

*[signature]*

**BARBARA MOSES**  
**United States Magistrate Judge**