# Morgan Lewis

**Christopher A. Parlo**
Partner
+1.212.309.6062
chris.parlo@morganlewis.com

March 11, 2022

**VIA ECF**

The Hon. Barbara C. Moses, U.S.M.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   Julian et al. v. Metropolitan Life Ins. Co.
         No. 17cv957

Your Honor:

We represent Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") in the above-referenced matter.  Together with counsel for Plaintiffs, we respectfully submit this letter regarding the status, method, and proposed schedule for the parties' resolution of Plaintiffs' remaining claims in this matter.[1]  As explained below, while the parties intend to enter into a private agreement as to Plaintiffs' non-FLSA claims, Plaintiffs' remaining claims under the Fair Labor Standards Act ("FLSA") will be resolved via a Fed. R. Civ. P. 68 Offer of Judgment, which does not require Court approval.  *See Yu v. Hasaki Restaurant,* 944 F.3d 395 (2d. Cir. 2019).  Accordingly, the parties respectfully request that: (i) the March 17, 2022 deadline to submit materials for the approval of an FLSA release (Dkt. Nos. 384-385, 387) be adjourned *sine die*; and (ii) the parties be allowed to submit the aforementioned Offer of Judgment by April 29, 2022.

As Your Honor is aware, Plaintiffs Stephanie McKinney ("McKinney"), Debra Julian ("Julian") and Kimberly Harris ("Harris") (collectively, "Plaintiffs"), former MetLife Long-Term Disability ("LTD") Claim Specialists ("LTDCS"), alleged that MetLife misclassified them as exempt from the overtime requirements of federal and state law, including for the Plaintiffs the laws of Connecticut, New York and Illinois, respectively. Dkt. No. 120.  MetLife argued that the Plaintiffs were all exempt from the coverage of those laws under the administrative exemption.  On August 31, 2021, District Judge Nathan issued an Order which, *inter alia*, granted MetLife's summary judgment motion dismissing Plaintiff McKinney's FLSA claim, concluding that: (i) "[t]here is no genuine dispute of material fact in the record that Plaintiff McKinney and all other Claim Specialists' 'primary duty' is handling LTD benefits claims and that this duty is 'directly related to the management of general business operations' of MetLife or its customers;" and (ii) the LTDCS position "generally requires that

---

[1] The parties previously requested a conference with Your Honor to discuss their resolution plans, but their request was denied.   Dkt. Nos. 386-387.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060                ☎ +1.212.309.6000
United States                                          ✆ +1.212.309.6001

The Hon. Barbara C. Moses, U.S.M.J.
March 11, 2022
Page 2

employees exercise a significant amount of discretion and independent judgment, and that Plaintiff McKinney did in fact exercise discretion and independent . . . judgment in performing her duties." Dkt. No. 348 at 5-6, 19.  In the August 31, 2021 Order, District Judge Nathan also: (i) granted MetLife's motion to decertify the FLSA collective (which had been conditionally certified in 2018); and (ii) denied Plaintiffs' motion to certify classes of LTDCSs under New York, Illinois, and Connecticut law pursuant to Fed. R. Civ. P. 23.  Dkt. No. 348.  Therefore, the only claims currently remaining in the action are: (1) Plaintiff McKinney's Connecticut state law overtime claim; (2) Plaintiff Debra Julian's FLSA and New York state overtime claims; and (3) Plaintiff Harris' FLSA and Illinois state law overtime claims.

The parties have agreed to resolve the Plaintiffs' remaining individual claims.  The parties intend to resolve Plaintiffs' state law/non-FLSA claims through a private agreement, including the dismissal with prejudice of the non-FLSA claims in this action via stipulation.  This separate agreement would not include a release of FLSA claims and, therefore, does not require Court approval.  *Yunda v. SAFI-G, Inc.,* No. 15 CIV. 8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) ("[an] NYLL settlement agreement does not require judicial approval").

As a result of the Court's August 31, 2021 Order, Plaintiff McKinney's FLSA claim has been dismissed.  With regards to the remaining FLSA claims, Defendant intends to issue Offers of Judgment, which do not require Court approval.  *See Yu,* 944 F.3d at 414 (a Rule 68 offer of judgment settling FLSA claims is not subject to Court review).  Following acceptance of those Offers and entry of judgment by the Court on Julian's and Harris' FLSA claims per same, the parties would then submit a stipulation for the dismissal with prejudice of all other, non-FLSA, claims in the action pursuant to their separate agreement.

The parties are available for a telephonic conference with Your Honor to discuss this process at a date and time that is convenient to the Court.

In light of the foregoing, the parties respectfully request that the March 17 deadline to request FLSA release approval be adjourned *sine die* and that the Court allow the parties until April 29, 2022 to submit the aforementioned Rule 68 Offers of Judgment to the Court.

We thank the Court in advance for its consideration.

Respectfully submitted,


*/s/ Christopher A. Parlo*
Christopher A. Parlo


cc:  All counsel of record (via ECF)