UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DEBRA JULIAN, STEPHANIE MCKINNEY AND KIMBERLY HARRIS**, <br> *Plaintiffs*, <br><br> v. <br><br> **METROPOLITAN LIFE INSURANCE COMPANY**, <br><br> *Defendant*. | Case No.: 1:17-cv-00957 <br><br> *[PROPOSED]* **JUDGMENT PURSUANT TO RULE 68** |

**WHEREAS,** on February 8, 2017, Plaintiff Debra Julian filed this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law;

**WHEREAS,** on March 2, 2017, an amended complaint was filed, adding Plaintiff Stephanie McKinney as a named plaintiff who asserted claims under the FLSA and Connecticut Minimum Wage Act;

**WHEREAS,** following conditional certification of the FLSA collective action, Plaintiff Kimberly Harris executed a Consent to Join Form on February 26, 2019 which was subsequently filed with the Court;

**WHEREAS,** on March 6, 2020, Plaintiffs filed an amended complaint, adding Plaintiff Kimberly Harris as a named plaintiff who asserted claims under the FLSA and the Illinois Minimum Wage Law;

**WHEREAS**, on August 31, 2021, the Court decertified the FLSA collective action, denied Plaintiffs' motion for class certification, and granted Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") summary judgment on McKinney's FLSA claims (Dkt. No. 348)

**WHEREAS**, as a result of the Court's August 31, 2021 order, only Plaintiffs Julian and Harris have FLSA claims pending before the Court;

**WHEREAS,** pursuant to the March 14, 2022 Memo Endorsed letter to the Court (Dkt. No. 389), the parties agreed to resolve Plaintiffs' claims as follows: Plaintiffs' remaining claims under the FLSA would be resolved via a Fed. R. Civ. P. 68 offer of judgment, and Plaintiffs' non-FLSA claims would be resolved by private agreement. Following acceptance of the offer of judgment and entry of judgment on the FLSA claims by the Court, the parties would submit a stipulation for the dismissal with prejudice of all other non-FLSA claims in the action;

**WHEREAS,** on May 26, 2022 pursuant to Fed. R. Civ. P. 68, Defendant served on Plaintiffs Julian and Harris an offer of judgment in their favor ("Offer of Judgment"); and

**WHEREAS,** on May 26, 2022 Plaintiffs Julian and Harris accepted Defendant's Offer of Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant will pay Plaintiffs Julian and Harris the sum of $3,000 in connection with the FLSA claims alleged in this Action (Count 1), which includes in that sum $1,000 for fees and costs accrued up to the date the Offer of Judgment was served. The sum shall be divided as follows:

    a. Defendant will pay Plaintiff Julian the sum of $1,500 in connection with her FLSA claims alleged in this Action, which includes in that sum $500 for fees and costs accrued up to the date the Offer of Judgment was served;

    b. Defendant will pay Plaintiff Harris the sum of $1,500 in connection with her FLSA claims alleged in this Action, which includes in that sum $500 for fees and costs accrued up to the date the Offer of Judgment was served.

2. The Offer of Judgment shall constitute satisfaction of any and all claims and causes of action under the FLSA that Plaintiffs Julian and Harris have asserted or could have asserted in this lawsuit against Defendant.

3. The Offer of Judgment is not an admission of liability or wrongdoing by Defendant, but rather is made solely for the purpose of compromising the disputed claims.

4. Acceptance and entry of the Offer of Judgment extinguishes any claims under the FLSA against Defendant, its successors or assigns, and all past and present officials, employees, representatives, and agents of the Defendant, that were or could have been alleged by Plaintiffs Julian and/or Harris in the above-referenced action based upon their employment with MetLife.

5. Pursuant to Fed. R. Civ. P. 68 and based upon the combined filing of Defendant's Offer of Judgment and Plaintiffs' Notice of Acceptance thereof, judgment is hereby entered for Plaintiffs Debra Julian and Kimberly Harris in connection with the FLSA claims (Count 1) alleged in this Action against Defendant Metropolitan Life Insurance Company in the amount of $3,000, which includes in that sum $1,000 for fees and costs.

SO ORDERED

_____

Dated: